UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CURRY WINKFIELD,

                Plaintiff,

    -against-

SUPERINTENDENT WILLIAM A. LEE,

                Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

14 Civ. 1329 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Curry Winkfield filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging this his May 28, 2009 New York Supreme Court conviction was against the weight of the evidence and that the trial judge had improperly admitted evidence. (Petition, ECF No. 1.) Before this Court is Magistrate Judge Barbara Moses's September 18, 2017 Report and Recommendation ("Report," ECF No. 12), recommending that the petition be denied.[1] (Report at 1.) This Court adopts that recommendation.

Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 21.) To date, no objection to the Report has been filed.[2]

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

[2] According to public records, petitioner was released on parole on May 22, 2015. Since then, petitioner has not provided the Court with any updated contact information, nor otherwise participated in this action.

objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham,* No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

The Report correctly found that Plaintiff's § 2254 petition should be denied on the merits. Plaintiff's first claim, asserting that his "convictions were against the weight of the credible evidence" (Petition ¶ 9), is "a pure state law claim grounded in New York Criminal Procedure Law § 4570.15(5)." *Correa v. Duncan,* 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). Accordingly, habeas relief is not warranted because this Court is only authorized to grant relief where the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established *Federal law,*" or if the state court decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) (emphasis added). Plaintiff did not assert a legal insufficiency claim and further, such a claim would be meritless.

Plaintiff's second claim—that "the trial court violated [his] due process rights to a fair trial when it improperly reversed its original *Molineux* ruling" (Petition ¶¶ 9, 12)—similarly arises under state law. Because Plaintiff has not demonstrated that the trial judge's *Molineux* ruling was error, let alone "error that deprived him of a fundamentally fair trial," *Rosario v. Kuhlman,* 839 F.2d 918, 925 (2d. Cir. 1988), habeas relief is not warranted. Having found no clear error, this Court adopts the Report in full.

Accordingly, Plaintiff's petition for a writ of habeas corpus is DENIED. The Clerk of Court is directed to close this case.

Dated: New York, New York
      September ___, 2017

**SEP 29 2017**

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge